UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No. 01-CV-870 (JRT/FLN)

BH Evert, Inc.,

Plaintiff,

vs.

**PROTECTIVE ORDER**

Howard Schultz & Associates International, Inc., as successor in interest to Howard Schultz Associates of Mid-America,

Defendants.

Pursuant to Fed. R. Civ. P. 34, and the stipulation of the undersigned attorneys, the discovery taken by the parties in this case shall be conducted subject to the following Protective Order:

1. Any and all documents or things or information produced or otherwise furnished by any of the parties in informal or other discovery that the producing party believes contains trade secrets or other confidential commercial, proprietary or personal information may be designated, in good faith, "confidential" by the producing party by stamping or marking on the documents or other material the term "CONFIDENTIAL." Those documents or other matters shall be maintained by the other parties to this action and their counsel in confidence and used only for the purposes of this litigation, and shall not be communicated or used for any other purpose. A party's use for any purpose of its own documents and information which that party produces or discloses in this action shall not be considered a violation of this Order. To the extent that any such

FILED OCT 0 9 2001
RIC
JUD
DEPUTY

items are filed with the Clerk of Court or with the Court, they shall be placed in an envelope marked "CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER" and sealed.

2. Any copies, photographs, depictions, excerpts, notes concerning, or other information generated from an inspection of the matters designated "CONFIDENTIAL," and any motion papers, memoranda or other documents filed with the Court that quote from, attach or include documents, testimony or other matter designated "CONFIDENTIAL" shall be treated in the same manner as the underlying documents testimony or other matter.

3. Documents or other information designated as "CONFIDENTIAL" may be used in connection with depositions or hearings before the Court. Deposition or hearing transcripts or portions thereof which record testimony concerning confidential documents or information may be marked as "CONFIDENTIAL" by any party within thirty (30) days after receiving the transcript. Deposition or hearing transcripts may not be made available to anyone other than counsel or the parties during the thirty (30) days provided to make confidentially designations. The party wishing to make such designations shall advise all other parties, and the portion(s) of the transcript designated as "CONFIDENTIAL" shall thereafter be treated as subject to the terms of this Order.

4. If, at the time of trial, or in connection with any hearing, any counsel intends to introduce documents or information designated "CONFIDENTIAL" by any party or third party other than that counsel's client(s), counsel shall so inform the Court, counsel for the other parties and, if appropriate, the non-party who produced the documents or information at issue, as far in advance as possible. The Court may take

steps, at the request of any party or non-party or on its own initiative, as it deems necessary, to preserve the confidentiality of the documents or information.

5. Neither the parties nor their counsel shall disclose or permit the disclosure of the documents or other information designated as "CONFIDENTIAL" to anyone other than partners, associates, legal assistants or employees of counsel to this action; the parties themselves; any expert(s) or consultants(s) retained in connection with the preparation for and hearing of this proceeding; and any other person deemed necessary by counsel for the purposes of litigation.

6. Except for the parties themselves, and their counsel (including partners, associates, legal assistants or employees of their law firm), all persons other than the producing party or its counsel to whom any information subject to this Protective Order is disclosed shall, prior to any disclosure to them, be provided a copy of this Protective Order and must execute a protective agreement in the form attached as Exhibit A to this Protective Order. Copies of each such protective agreement shall be furnished to counsel for all parties at the conclusion of trial or upon Order of the Court. The requirement of a protective agreement prior to disclosure of documents or information subject to this Protective Order shall not apply to any nonparty witness shown documents designated as "CONFIDENTIAL" for the first time in a deposition. The party wishing to show a non-party witness documents during a deposition which have been designated as "CONFIDENTIAL" shall request that the non-party witness execute a protective agreement in the form attached as Exhibit A. In the event that the non-party witness refuses to execute a protective agreement, the party seeking to enforce confidentiality may demand that the deposition be suspended for the time necessary for

that party to move pursuant to Fed. R. Civ. P. 26 for an order that steps be taken, if necessary, to preserve the confidentiality of the documents or information.

7. Nothing contained in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using (a) its own documents and information which that party produces or discloses in this action, or (b) any matter produced or disclosed in this action not subject to this Protective Order and not designated as "CONFIDENTIAL."

8. If any party wishes to have any information, document or testimony marked "CONFIDENTIAL" by another party reclassified as non-confidential, the parties will confer and try to reach agreement. If the parties cannot reach agreement. If the parties cannot reach agreement, the party seeking to re-classify may seek appropriate relief from the Court, with the party seeking to maintain the "CONFIDENTIAL" designation bearing the burden to establish its claim of confidentiality.

9. Counsel may exclude from the room during a deposition, hearing or other proceeding any person (other than the witness who is then testifying) who is not entitled under this order to receive or review documents or information designated "CONFIDENTIAL."

10. Upon the final conclusion of this proceeding, including any appeal, or upon the settlement and or dismissal of the proceeding, all documents and things or information subject to this Protective Order shall be returned to the party which produced them, or shall be destroyed. Counsel for the parties may preserve work product and privileged documents in their permanent files even though such documents may reflect or contain confidential documents or information. The conclusion of this

proceeding shall not relieve any person or party from any of the requirements imposed by this Protective Order.

11. Any non-party subpoenaed or requested to produce documents and things or information, or to give deposition testimony, shall have the full benefits and protections of this Protective Order, and may designate documents or deposition testimony as "CONFIDENTIAL" in the manner, and subject to the same protections, set forth above.

12. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party or third party that any particular information is or is not "CONFIDENTIAL" matter within the contemplation of the law, or prejudice in any way the right of any party or third party to seek a Court determination of whether or not any particular materials should be disclosed or if disclosed whether or not it should be subject to the terms of this Order.

13. The provisions of this Order shall not preclude any party from seeking from the Court, for good cause shown, additional protections or limitations on the use of certain documents or information as permitted by Fed. R. Civ. P. 26. Nor shall any party be precluded from moving the Court for relief from this Order if, in practice, the terms of the Order are inhibiting the efficient conduct of this litigation.

STIPULATED AND AGREED TO:

BLACKWELL IGBANUGO ENGEN & SAFFOLD

Dated: ________________, 2001.

By______________________________
David A. Engen (#147655)
Damon L. Ward (#221442)
Attorneys for Defendants
3601 West 76th Street, Suite 250
Minneapolis, MN 55435
Telephone: (952) 646-0400

MOSS & BARNETT
A Professional Association

Dated: ________________, 2001.

By______________________________
Thomas J. Shroyer (#100638)
H. Le Phan (#274008)
Attorneys for Plaintiff
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
Telephone: (612) 347-0300
Facsimile: (612) 339-6686

**IT IS SO ORDERED:**

BY THE COURT:

Dated: October 4, 2001.

______________________________
Frankin Noel
Chief Magistrate Judge of District Court

EXHIBIT A

PROTECTIVE AGREEMENT

I hereby acknowledge that I am being given access to "confidential" information that is the subject of a Protective Order in the case entitled BH Evert, Inc., Plaintiff, vs. Howard Schultz & Associates International, Inc., as successor in interest to Howard Schultz of Mid-America, Court File No. 01-CV-870 (JRT/FLN), pending in the United States District Court, District of Minnesota. I agree that I shall maintain that "CONFIDENTIAL" documents and information in confidence and will use it for no other purpose than as provided in the Protective Order. I understand that I can be subject to sanctions for violation of this agreement. I further agree that upon the conclusion of my having any need for further access to "CONFIDENTIAL" documents and information provided to me, upon the final termination of this litigation (including appeals, if any), or upon request by the person making them available to me or Order of the Court, I shall return to the person making them available to me all such documents and information provided and all copies thereof.

______________________________
Printed Name

______________________________
Signature

Address:

______________________________
______________________________
______________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500